Mr. Justice Clayton
delivered the opinion of the court.
This case grows out of the same transaction which gave rise to Heath against Newman. The principal difference between them is, that in this case there is an alleged eviction, or something which it is contended is its equivalent. The act for which *218 that effect is claimed, is that of Joel Perkins, who states in his testimony that he was the tenant of Dennis at the time he sold to Samuel Heath, that he attorned to Adolph Heath, and gave his note to him for the rent. That Adolph was the father of Samuel Heath; that he knew the land had been bought by one of the Heath family, and gave his note without knowing whether it was the father or son who had purchased. That the witness had bought the land at the sheriff’s sale, and that after his purchase, Aldolph Heath gave up the note to him, and he has since held the land as his own. He had married the daughter of Adolph Heath, and bought the land for ¡$325.
In our view this falls short of eviction in law. There has been no action of ejectment, no judgment, no turning out of possession, nothing but a voluntary surrender of possession, and yielding of the right without an effort to maintain it.
In general, a judgment in ejectment, unless followed by actual eviction, does not constitute a breach of the covenant of warranty. The eviction, or the turning out of possession, is caused by entry under the judgment, either with or without execution. Ferris v. Harshea, Mar. & Yerg R. 55. The judgment does not destroy the seisin of the defendant. Sedgwick v. Hollenback, 7 Johns. R. 376.
If at the time of the sale there be a paramount title, and an adverse possession under it, the holding out of the purchaser is equivalent to eviction. Duvall v. Craig, 2 Wheat. 45; Randolph v. Meeks, Mar. & Yerg. 62. But this case is not within this principle.
This record shows that Dennis sold to Heath, and put him in possession under a deed with covenants of general warranty, and that Heath voluntarily surrendered that possession to another, likewise claiming title under Dennis, by a subsequent purchase under a prior incumbrance. To hold that this satisfied the requirements of the law, would, in this and in many other instances, cause the trial of titles to land in an action of debt or assumpsit. We are not disposed thus to change the established rules of law.
Another question was argued, and a decision pressed for. In *219 the court below, there is a difference between the judgment as entered upon the minutes of the court, and as contained in the final record made up and entered by the clerk. Which of these is to prevail 1
The minutes of the court, openly read each day, corrected and signed by the court, constitute in law the true record. These are acts of the court. The other is a mere copy of the originals, for their greater security and better preservation. It is the act of the clerk. H. & H. 485, sec. 22. In the event of a difference, the original must be preferred.
The charge of the court below, being opposed to this view of the law, the judgment must be reversed, a new trial granted, and the cause remanded for farther proceedings in accordance with this opinion.
Judgment reversed.